# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA )
)
vs. ) **ORDER**
)
MARQUISE GULTRY, ) 2:13-cr-00153-KJD-PAL
)
Defendant. )

Currently before the Court is the Government's Appeal of Magistrate Judge's Order (#13), filed May 6, 2013. Defendant filed a Response (#15) supporting his conditional release.

## I. Background

On April 23, 2013, the grand jury returned an indictment charging Marquise Gultry ("Defendant") with Felon in Possession of a Firearm by a Convicted Felon, in violation of Title 18 U.S.C. § 922(g)(1) and 924(a)(2).

Defendant made his initial appearance before Magistrate Judge George W. Foley on May 3, 2013. The Government requested detention. Pretrial Services recommended detention finding that there was no condition, or combination of conditions, that could ensure the safety of the community or defendant's appearance at future court proceedings. Defendant was ordered released with conditions. The Government requested a stay of the order releasing Defendant which was granted by the Magistrate Judge. For the reasons stated herein, the Court grants the Government's Appeal of the Magistrate's Order, and orders Defendant detained pending trial.

## II. Discussion

The District Court review of a Magistrate Judge's detention order is de novo. U.S. v. Koening, 912 F.2d 1190 (9th Cir. 1990) Pursuant to 18 U.S.C. § 3142(g) the Court considers specific factors in determining whether conditions exist that will reasonably assure the appearance of a defendant and the safety of the community pending trial. Those factors in pertinent part

1

are:

> 1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Here, the Government avers that Defendant is a danger to the community, that the Magistrate Judge's Order releasing Defendant pending trial should be reversed, and that Defendant should be detained pending trial. The Court agrees.

## **Analysis**

### 1. Nature and circumstances of offense charged

The offense charged is possession of a firearm by a convicted person. Defendant had been previously convicted of felonies and was on pretrial release for other offenses at the time of the instant offense. The weapon was discovered when police responded to a report of shots fired in a residential neighborhood. Defendant was located at the scene but ignored police commands and went inside the adjoining residence. After being ordered via the patrol car's PA system, Defendant exited the residence. During the ensuing safety check inside the residence, police discovered Thades Gultry, a paraplegic and relative of Defendant, lying in bed. Thades initially

denied, as did Defendant, knowledge of the gun or ammunition that was later found in his bed and concealed under his person. The weapon had been reported stolen a few months earlier and empty shell casings were found in the yard area of the residence. Subsequent DNA testing of the weapon revealed that Defendant was one of two major contributors. Defendant was subsequently arrested and, after being confronted with the DNA results, admitted that on September 13, 2012, he was in the backyard when the weapon was fired and that he took the firearm from the other individual who was present and placed it under Thades.

**2. Weight of the Evidence**

The evidence against the Defendant on the issue of his danger to the community is strong. He has been convicted of crimes of violence, including Battery with Use of a Deadly Weapon with the Intent to Promote, Further, or Assist a Criminal Gang, and Attempt Robbery with Use of a Deadly Weapon with the Intent to Promote, Further, or Assist a Criminal Gang. Also, Defendant was convicted of Attempt Preventing or Dissuading a Person from Testifying or Producing Evidence. At the time Defendant possessed the firearm, he was on pre-trial release for state felony charges of narcotics trafficking, possession with intent to sell and conspiracy.

**3. History and Characteristics of Defendant**

**A. Character, Physical and Mental Condition, Family Ties, Employment, Financial Resources, Length of Residence in the Community, Community Ties, Past Conduct, History Relating to Drug or Alcohol Abuse, Criminal History and Record Concerning Appearance at Court Proceedings**

As stated above, Defendant's criminal history includes prior felonies. Several involve use of firearms. Defendant is also facing charges in other cases pending in state court. While he argues family ties as a reason he would not abscond, such ties are not the kind to ensure public safety. He was willing to involve Thades, his paraplegic uncle, in concealment of the weapon from the police. Thades, for his part, was more than willing to assist in deceiving law enforcement officers in an effort to protect his nephew. Yes, Defendant's family ties are strong, however, these are not the kind of ties which will serve to protect the community. To the contrary, such ties will adversely impact the ability of Pre-Trial Services to supervise this

Defendant. That Defendant refused to follow the directives of police on initial contact for the apparent purpose of concealing the weapon does not bode well for pre-trial supervision. Defendant's community ties are weak. He is unemployed and has continuing affiliation with gang members.

**B. Whether at the time of the current offense or arrest the person was on release pending trial.**

As stated, Defendant is currently facing Nevada state felony charges.

**4. Nature of seriousness of the danger to persons or the community that would be posed by the person's release.**

As stated, Defendant' criminal history includes several felony convictions for offenses involving guns and attempted murder. Probation is unlikely if he is convicted of current charges. Pre-Trial Services recommended detention finding that there was no condition, or combination of conditions, that could ensure the safety of the community or Defendant's appearance at future court proceedings. While no presumption of correctness attends the recommendation of pre-trial services, the Court is not required to ignore the opinion of the professionals who would ultimately be required to enforce conditions of release.

The evidence against Defendant on his current charges will be very difficult to explain or refute. He is facing a significant prison sentence if convicted. The evidence of Defendant's danger to the community and his risk of non-appearance is clear and convincing. No condition or combination of conditions of pre-trial supervision will be sufficient to protect against those risks.

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Appeal of Magistrate Judge's Order (#13) is **GRANTED**.

**IT IS FURTHER ORDERED** that, to assure the Defendant's appearance and protect the public from further crimes of the Defendant, Defendant be detained pending trial.

DATED: May 13, 2013

_____
UNITED STATES DISTRICT JUDGE